IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GERORD D. JOHNSON,              §
                                §
           Plaintiff,           §
                                §
VS.                             §    CIVIL ACTION H-12-2390
                                §
SELECT ENERGY SERVICES, L.L.C., §
                                §
           Defendant.           §

## OPINION AND ORDER

Pending before the Court in the above referenced cause alleging sexual harassment and retaliation are Plaintiff Gerord Johnson's motion to remand (instrument #4) for untimely removal, effected on August 9, 2012, and Defendant Select Energy Services, L.L.C.'s motion for sanctions (#5).

Plaintiff insists that his original petition, filed in the 333rd District Court of Harris County on April 18, 2012, stating that he filed a charge of Discrimination and Retaliation with the Equal Employment Opportunity Commission ("EEOC"), triggered the thirty-day period for removal.

The Court agrees with Defendant that as a matter of black letter law filing a charge with the EEOC is not sufficient to transform a state law claim under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §§ 21.001 *et seq.*, into a federal claim under Title VII of the Civil Right Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and permit removal of the suit to federal

court.  *See, e.g., Rodriguez v. Conagra Foods, Inc.*, No. 4:02-CV-752-A, 2002 WL 32548746, *2 (N.D. Tex. 2002)(finding meritless the argument that  [an] EEOC charge magically transforms plaintiff's petition into one asserting federal claims").  Plaintiff Gerord D. Johnson's Original Petition is expressly and solely grounded in the Texas statute.   Federal question jurisdiction under 28 U.S.C. § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).   "The [well-pleaded complaint] rule makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  A state court action alleging claims solely under the TCHRA is not removable despite the existence of a parallel federal statute for employment discrimination, such as Title VII, even where the same facts would support a claim against both.  *Pointer v. Crown Cork & Seal Co., Inc.*, 791 F. Supp. 164 (S.D. Tex. 1992).

     Moreover, Defendant provides a reasonable explanation why Plaintiff recently amended his petition to assert claims under Title VII and 42 U.S.C. § 1983, i.e., that he failed to file suit under the TCHRA within sixty days of receipt of his "right-to-sue" letter from the Texas Workforce Commission Civil Rights Division as mandated by Texas Labor Code § 21.254, and he was faced with motion for summary judgment based on that failure.  Moreover under the TCHRA, section 21.002, the statute of limitations is 180 days.

Texas Labor Code § 21.202(a).   Because Texas is a "deferral state,"[1] a Texas employee has 300 days to file a complaint with the EEOC and ninety days after receipt of the right-to-sue letter to file suit.   42 U.S.C. § 2000e-5(f).   Removal under federal question jurisdiction was proper and timely after Plaintiff filed his amended petition on August 1, 2012.

Although Defendant seeks sanctions because Plaintiff's counsel refused to withdraw his motion to remand after being advised of the erroneous basis of his motion, the Court in its discretion finds sanctions not warranted.   Proceedings have not been unreasonably multiplied nor in light of Plaintiff's response is the Court persuaded that Plaintiff's counsel was acting in bad faith.

Accordingly, for the reasons state above, the Court

ORDERS that Plaintiff's motion for remand (#4) and Defendant's motion for sanctions (#5) are DENIED.

**SIGNED** at Houston, Texas, this __19th__ day of __September__, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., Wooten v. Federal Exp. Corp.*, Civ. A. No. 3:04-CV-1196-D, 2007 WL 63609, *4-5 (N.D. Tex. Jan. 9, 2007); *Stanley Stores, Inc. V. Chavana*, 909 S.W. 2d 554, 557 (Tex. App. Corpus Christi 1995).