IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERORD D. JOHNSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION H-12-2390 |
| § | |
| SELECT ENERGY SERVICES, L.L.C., § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, alleging sexual harassment and retaliation under the Texas Commission on Human Rights Act ("TCHRA") and Title VII of the Civil Right Act of 1964, are (1) Defendant Select Energy Services' ("Select Energy's") motion for attorney fees (instrument #31) and (2) Plaintiff Gerord Johnson's ("Johnson's") objections (#32) to Select Energy's bill of costs (#30).

On September 24, 2013 the Court granted Select Service's motion for summary judgment on all Johnson's claims as time-barred by the statute of limitations. #28.

Supported by billing records and a record of costs, Select Energy requests $32,250.50 as an award of fees and $487.48 in expenses, for a total of $32,737.98 under § 21.259 of the TCHRA[1]

---

[1] Section 21.259 provides, "In a proceeding under this chapter, a court may allow the prevailing party a reasonable attorney's fee . . . as part of the costs."

-1-

and Title VII, 42 U.S.C. § 2000e-5(k).[2]  Select Energy contends that Johnson initially filed his claims untimely under the TCHRA, i.e., 110 days after the Texas Workforce Commission issued his right to sue.  Then, in an even greater bad-faith effort to avoid the time bar, Johnson untimely amended his petition to add claims under Title VII 181 days after being issued his right to sue letter.  Given that Johnson filed a frivolous lawsuit in bad faith by twice bringing claims beyond the prescribed period in which he had to bring those claims, Select Energy seeks to recover a portion of its attorney's fees.

While "a prevailing [Title VII] plaintiff is to be awarded attorney's fees in all but special circumstances," when a Title VII defendant is the prevailing party, the court may authorize a fee award as part of costs only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416, 421-22 (1978).  Texas courts have applied the same standard under the TCHRA and § 21.259 of Chapter 21 of the Texas Labor Code where the prevailing party is the defendant.  *Elgahil v. Tarrant County Junior College*, 45 S.W. 3d 133, 144-45 (Tex. App.--Fort Worth 2000, rev. denied)("[A]ttorney's fees are not appropriate simply because

---

[2] Section 2000e-5(k) states, "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."

the plaintiff loses his case.  Rather, to show that a lawsuit was without merit, the defendant must establish that the case was groundless or without foundation."). *See also Marin v. El Nell, Inc.*, No. 3:03-CV-2209-D, 2005 WL 2148651, at *6 (N.D. Tex. Sept. 7, 2005)("Texas courts have looked to federal precedent when deciding whether to award fees to a prevailing defendant in an employment discrimination case."), *citing Elgahil*, 45 S.W. 3d at 144 (applying *Christiansburg* standard).  The Fifth Circuit has upheld an award of attorney's fees to a prevailing defendant under Title VII when the suits were correctly found to be meritless and frivolous.  *See, e.g., Provensal v. Gaspard*, 524 Fed. Appx. 974, 976 (5th Cir. May 15, 2012); *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 267 (5th Cir. 1991).

Johnson responds that final judgment was entered on September 24, 2013, and the bill of costs and motion to recover attorney fees were not filed until October 30, 2013.  Federal Rule of Civil Procedure 54(d)(2)(B)(i) states, "Unless a statute or court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment."  Moreover Local Rule 54.2 provides in relevant part, "An application for costs shall be made by filing a bill of costs within 14 days of the entry of final judgment.  When attorney's fees are taxable as costs, an application for them must be made with application for other costs."

With documentary support, Select Energy seeks to recover specified costs in the total amount of $2,811.08 pursuant to 28 U.S.C. § 1920.  Johnson again objects that the final judgment was entered on September 24, 2013, but Defendant failed to file its application for bill of costs within fourteen days of entry of a final judgment, as required by Local Rule 54.2.  Instead, he waited until October 20, 2013.

In reply, Select Energy cites *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998), in which the panel opined that "one of the key functions of Rule 54(d)(2) is to ensure that parties properly notify their counterparts of their requests for attorney's fees."  The panel concluded that because the court had stated in its "Findings and Conclusions on Remand" that plaintiffs had requested attorney's fees and that the request would be heard at a separate hearing, opposing counsel had notice that fees would be sought and that Romaguera's later untimely motion for them "simply served as a reminder that the court had failed to set a hearing date."  *Id.* at 896.  Select Energy then explains that when the Court granted summary judgment, its counsel was preparing for trial in a case set for September 30, 2012.  Opposing counsel filed a last-minute emergency motion for continuance in that case that day, and the trial was reset for October 14, 2013.  The trial proceeded and a verdict was rendered on October 17, 2013.  Select Energy states that in the pressure of the trial its counsel "inadvertently

filed its bill of costs and motion to recover attorney's fees after the fourteen-day deadline."

The Court finds that the facts in *Romaguera* are inapposite to those in this action and that counsel's negligence is not an excuse for missing the deadline under the rules.  Accordingly, the Court

ORDERS that Select Energy's bill of costs and motion to recover attorney's fees are DENIED.

**SIGNED** at Houston, Texas, this  5th  day of  September , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE